William Joy **BATELAAN**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 13939.

United States Court of Appeals, Ninth Circuit.

Dec. 17, 1954.

---

questioned him as to why he omitted certain facts from his questionnaire, indicate that the board may have doubted his credibility. It there appeared that registrant was employed at Lockheed; that he understood that his work involved the making of munitions of war; he said that "the job at Lockheed is only to get money to live on."

The board continued Batelaan in Class I–A; he appealed and his file was referred to the Department of Justice. He had a hearing before the hearing officer who recommended that he should be classified in I–A–O, that is to say, as a conscientious objector available for noncombatant military service. The Department, by its special assistant to the Attorney General, forwarded this report to the appeal board, but he did not concur therein, calling attention to the fact that appellant had answered his special form for conscientious objector with the statement in substance that he believed in theocratic wars; that the group to which he belonged were "authorized to defend themselves against those who fight against the theocratic government". The Department therefore recommended that his claim of exemption as a conscientious objector should be denied, "in that he was not opposed to participation in all forms of war".

It is apparent here, as it was in the Shepherd case, that the appeal board might have found against the appellant's claim upon the ground that the local board had disbelieved him after he made an appearance before them. On the other hand, the appeal board may have accepted the erroneous advice of the Department that one who believes in self defense and in theocratic warfare cannot be a conscientious objector.[1] This presents the same

Hayden C. Covington, Brooklyn, N. Y., for appellant.

Laughlin E. Waters, U. S. Atty., Mark P. Robinson, Manuel Real, Manley J. Bowler, Los Angeles, Cal., for appellee.

Before STEPHENS, BONE and POPE, Circuit Judges.

PER CURIAM.

Appellant was charged with a violation of the Universal Military Training and Service Act, 50 U.S.C.A.Appendix § 451 et seq., in that he knowingly refused to be inducted into the armed forces of the United States.

The facts in this case are substantially the same as those in Shepherd v. United States, 9 Cir., 1954, 217 F.2d 942. Batelaan was placed by his local board in Class I–A. He asked for a personal appearance which was granted. He claimed to be a conscientious objector. The minutes of the board on the occasion of his personal appearance, showing that the board

1. In the Shepherd case we considered at some length whether we should reverse the judgment and remand the case for a new trial in the district court in order that upon such new trial the court might determine from the "mouths of the members of the board" whether the department's report had any influence upon the result reached by the appeal board, as was done in United States v. Balogh, 2

difficult question dealt with in the Shepherd case, supra, but for the reasons which we stated there, we hold that the judgment here must be reversed.

Cir., 157 F.2d 939, 943, reversed on other grounds, 329 U.S. 692, 67 S.Ct. 625, 91 L.Ed. 605. The same procedure was adopted in United States ex rel. Reel v. Badt, 2d Cir., 141 F.2d 845. We felt then and we feel now that as a practical matter it would be well nigh impossible for any appeal board member honestly to give any answer to such questions. Rather, we think as a practical matter, since appellant must still continue to report to the Selective Service System, the draft boards, in their further dealings with Batelaan may not only make appropriate orders but may explain the grounds upon which their decisions are arrived at.