**Walter Leroy SHEPHERD, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 14105.

United States Court of Appeals,
Ninth Circuit.

April 13, 1955.

John H. Brill, San Francisco, Cal., Hayden C. Covington, Brooklyn, N. Y., for appellant.

Lloyd H. Burke, U. S. Atty., Donald B. Constine, Richard H. Foster, Asst. U. S. Attys., San Francisco, Cal., for appellee.

Before STEPHENS, BONE and POPE, Circuit Judges.

PER CURIAM.

Appellee's time to petition for a rehearing was extended until the Supreme Court handed down decisions in the cases of Witmer v. United States, Sicurella v. United States, Simmons v. United States and Gonzales v. United States, 75 S.Ct. 392, 397, 403, 409, in all of which certiorari had been granted 75 S.Ct. 27, 42, 59, at the time our opinion herein was rendered. These cases were decided March 14, 1955 and following that appellee has petitioned for rehearing primarily on the ground that the decision of the Supreme Court in Witmer v. United States justified a reargument in this case.

Appellee points out that the Witmer case holds that insincerity is a ground for denying a classification of 1-O. It is said that there was sufficient showing in the record relating to Shepherd to warrant a finding by the appeal board that he was insincere and thus there was basis in fact for the board's classification.

When our decision was rendered in this case we had previously held in Tomlinson v. United States, 9 Cir., 216 F.2d 12, and in White v. United States, 9 Cir., 215 F.2d 782, precisely what the Supreme Court said in the Witmer case, namely, that if the board concluded that the registrant was insincere it might deny him the conscientious objector classification claimed. What gave us pause in the Shepherd case and led us to a conclusion

that the classification was void was the fact that the Department of Justice in its recommendation to the appeal board gave that board erroneous advice to the effect that even if Shepherd were sincere he could not be classified as a conscientious objector because of his statement that he was not a pacifist and would fight to defend his ministry, his brother Jehovah's Witnesses, etc., as expounded in the Watchtower publication. We recognized that the appeal board might have disregarded the erroneous advice of the Department of Justice and have relied exclusively upon the implied findings of the local board that Shepherd was insincere. We cited our former decision in the White case and said, 217 F.2d 942, 945: "We recognize the possibility that the appeal board's action here may have been prompted solely by a consideration of the matters last referred to and that the appeal board may have disregarded the Department's recommendation, or at any rate, that portion thereof containing the erroneous statement to which we have alluded. On the other hand, we cannot close our eyes to the strong probability that the appeal board, no doubt composed of laymen, would be much influenced by such a statement of the Department of Justice recommending that even if the registrant was sincere he could not be exempted because of his expressed beliefs relating to self defense and theocratic wars." We concluded that (at page 946), "a hearing before a Department proceeding upon an erroneous theory as to what constitutes opposition to ' "participation in war in any form" ', is no better than no hearing at all."

We think that this is precisely what the Supreme Court held in Sicurella v. United States, supra. There, as in the case of Shepherd, the appeal board had received from the Department of Justice a recommendation against Sicurella's classification as a conscientious objector which in wording was substantially the same as that furnished by the Department in the Shepherd case. The Supreme Court said [75 S.Ct. 406]: "The report of the Department of Justice to the Appeal Board clearly bases its recommendation on petitioner's willingness to 'fight under some circumstances, namely in defense of his ministry, Kingdom interests and in defense of his fellow brethren,' and we feel that this error of law by the Department, to which the Appeal Board might naturally look for guidance on such questions, must vitiate the entire proceedings at least where it is not clear that the Board relied on some legitimate ground. Here, where it is impossible to determine on exactly which grounds the Appeal Board decided, the integrity of the selective service system demands, at least, that the Government not recommend illegal grounds." Note that the Supreme Court recognized, as we did in the Shepherd case, that the board might have relied "on some legitimate ground". Thus in Sicurella, as in our White case, the appeal board might have relied on adverse findings of the local board before whom Shepherd had appeared.

We think that the Supreme Court holding that the integrity of the selective service system demands that the Government not recommend illegal grounds is exactly what we attempted to hold in the Shepherd case.

The petition for rehearing is denied.