Dale Lynn GATCHELL, Appellant,

v.

UNITED STATES of America, Appellee.

No. 20773.

United States Court of Appeals
Ninth Circuit.

April 18, 1967.

David R. Hood, Kenneth A. MacDonald, MacDonald, Hoague & Bayless, Seattle, Wash., Robert A. Bennett, Willner, Bennett, Leonard & Burns, Portland, Or., for appellant.

Sidney I. Lezak, U. S. Atty., Richard C. Helgeson, Asst. U. S. Atty., Portland, Or., for appellee.

Before CHAMBERS, HAMLEY and MERRILL, Circuit Judges.

HAMLEY, Circuit Judge:

Dale Lynn Gatchell, claiming that he was entitled to complete exemption from military service because he was a minister of religion, sought a IV–D classification under the Universal Military Training and Service Act (Act), 62 Stat. 604 et seq. (1948), 50 U.S.C. App. § 451 et seq. (1964). His local board denied the request and classified Gatchell I–O, a conscientious objector opposed to combatant or non-combatant service in the armed forces. The agency appeal board sustained this classification. The local board subsequently ordered Gatchell to report for a civilian work assignment in lieu of induction. He refused to do so and for such refusal was convicted in a non-jury trial of violating section 12(a) of the Act, 62 Stat. 622, 50 U.S.C. App. § 462 (a). Gatchell appeals.

The essential facts are not in dispute. Gatchell, born September 1, 1942, registered with his local draft board in Tillamook, Oregon, on September 13, 1960.

At that time he filled out a classification questionnaire. In this document he represented that he had been "regularly serving as a minister" of the Jehovah's Witnesses since the date of his formal ordination on February 4, 1956, when he was thirteen years old. He asserted that his religious work then averaged about fifteen hours a week. He also stated that he was a part-time milkman.

On September 20, 1960, Gatchell filed a special form for conscientious objectors with his local draft board. In a separate letter attached to this form, Gatchell, then eighteen years old, claimed exemption from military service as a duly ordained minister of religion, regularly performing the duties of a minister. He stated that he was planning to pursue the course of an ordained minister for the rest of his life.

To show the extent of his "part-time ministry in the past year," he indicated that while attending high school, he had "* * * a monthly average of 10 hours preaching publicly and an average of 40 hours preparation and attending Bible instruction classes and ministry school courses, * * *." Gatchell stated that it was his sincere intention of conducting his "public ministry to a fuller extent to bring the total of hours up to 100 hours engaging in my chosen vocation of the Ministry."

At this time Gatchell also submitted a letter dated September 10, 1960, from a circuit minister of Jehovah's Witnesses, which stated that Gatchell had "studied for the ministry as his life's career since his dedication and baptism on February 4, 1956."

On November 3, 1960, the local board notified Gatchell that he had been classified I–O [1] and would be expected to perform twenty-four consecutive months of civilian work in lieu of induction. On

---

1. Class I–O is provided for in 32 C.F.R. § 1622.14(a), one of the regulations of the Selective Service System. This regulation reads as follows:

    "(a) In Class I–O shall be placed every registrant who would have been classified in Class I–A but for the fact that he has been found, by reason of religious training and belief, to be conscientiously opposed to participation in war in any form and to be conscientiously opposed to participation in both combatant and noncombatant training and service in the armed forces."

November 12, 1960, Gatchell requested a personal appearance before the local board to contest his I–O classification and to request a IV–D classification as a minister of religion.[2]

Gatchell appeared before the local board on December 7, 1960, made a brief oral presentation and submitted two letters in support of his ministerial claim. One letter was written by Willie Gubser, a "congregational servant," who stated that Gatchell had made continuous advancement in all phases of his ministry and was soon to be used as a public speaker in the Port Orchard, Washington area.

The other letter, written by Wayne I. Rees, presiding minister of the Tillamook congregation of Jehovah's Witnesses, indicated that in addition to conducting occasional Bible study at the local Kingdom Hall, Gatchell also was assigned, almost weekly, the duty of preparing and conducting a portion of the congregation's local meetings. The letter further stated that Gatchell was scheduled to give public one-hour lectures on Bible subjects from time to time.

The local board summarized the representations made by Gatchell during this personal appearance as follows:

"Registrant stated that preaching was his vocation, but he did have a part-time job. His congregation was the people called on regularly at their homes. There are approximately 45 in the congregation of the Kingdom Hall of whom 38 are witnesses. The registrant is an assistant. He is the literature servant. There are three other servants. In actual field work he devotes 25 hours: 5 hours a week in meetings: 5 hours of preparation. 100 hours a month in initial calls, meetings, preparation and call backs. He works 32 hours a week on part-time job. Does not have the authority to perform marriages, baptisms, etc."

In his own letter which he submitted when he appeared before the local board, Gatchell stated that " * * * it is necessary to have a part-time job to keep up the expenses of living and the expenses of doing the field ministry." In regard to this part-time work, Wayne Rees' letter, referred to above, stated that Gatchell's first interest was his preaching activities, with his secular work schedule arranged to fit his ministry.

The local board denied Gatchell's request for a IV–D classification and, on December 21, 1960, forwarded his file to the Oregon State Director of Selective Service for referral to the appropriate appeal board. On March 16, 1961, the appeal board unanimously voted to deny Gatchell's request for a IV–D classification and classified him I–O. This was supported by a memorandum which is set out in its entirety below:

"SUBJECT: GATCHELL, Dale Lynn
35 3 42 93

"This is to certify that the Oregon State Appeal Board has this date carefully examined and considered the file of the subject registrant and has classified him in Class I–O.

"He was not classified in Class 4–D for the following reasons among others:

"A. The registrant is not pursuing a full-time course of study in a ministerial school.

"B. The registrant has stated he is a Literature Servant devoting 50 hours per month to teaching. The [sic] is no verification supporting this claim in his file.

"Dated at Portland, Oregon this 16 day of March, 1961.

"By Direction of Panel No. 2
Oregon State Appeal Board:
(signed) Helen Allman
Appeal Board Clerk"

---

2. A IV–D classification is provided for in 32 C.F.R. § 1622.43. See also, sections 6(g) and 16(g) of the Act, 62 Stat. 611, 624, 50 U.S.C., App. §§ 456(g), 466(g). Under a IV–D classification Gatchell would not only have been exempt from induction, as is also true under a I–O classification, but also he would not be required to engage in selected civilian employment for any period of time. See section 6(g) of the Act, 62 Stat. 611, 50 U.S.C. App. § 456(g).

On January 18, 1962, the local board advised Gatchell that a civilian work assignment was available in Portland, Oregon. Similar notices concerning a variety of civilian work projects were sent to Gatchell for the next several months. However, Gatchell did not request any of the suggested work assignments.

On January 31, 1964, Gatchell was ordered to report for a physical examination on February 20, 1964. He did so and, on March 18, 1964, he was notified that he was found fully acceptable for induction into the armed forces. Gatchell was advised by his local board on April 15, 1964, of three available types of civilian work and directed to choose one of the three jobs within ten days. He replied by letter on April 24, 1964, stating that he could only accept ministerial work in lieu of induction, because any other choice would compromise his stand as a Christian minister.

In December, 1964, Gatchell was ordered to report to Goodwill Industries in Portland, Oregon on January 12, 1965. Gatchell, who was then twenty-two years old, did not report as ordered. He was thereafter indicted, tried and convicted by the district court for failing to report for civilian work, as directed, on January 12, 1965. The district court, recognizing a limited power to review draft board classifications, held that the draft board's denials of Gatchell's request for a IV-D classification had a basis in fact and that Gatchell had failed to make a prima facie case entitling him to a ministerial classification. The court further stated that the appeal board's failure to assign the correct reason for the denial was irrelevant. This appeal followed.

As one ground for seeking reversal of his conviction, Gatchell contends that his I-O classification has no basis in fact. To support this contention he asserts that the reasons given by the appeal board in denying his request for a IV-D classification indicate an erroneous view of the applicable law.

■ A class I-O conscientious objector who has passed his physical examination, exhausted his board of appeals remedies, and been ordered to report to the local board for a work assignment, may defend a criminal action for failure to so report on the ground that he should have been classified as IV-D, minister of religion or divinity student. Daniels v. United States, 9 Cir., 372 F.2d 407, decided January 17, 1967.

■■ When such a defense is invoked, however, there is an extremely limited scope of judicial review of the classification which a defendant challenges. Aside from questions concerning conformity with procedural regulations, statutes and constitutional requirements, the only ground upon which such a classification may be invalidated in court is that it does not rest upon any basis in fact. See Dickinson v. United States, 346 U.S. 389, 390, 394, 74 S.Ct. 152, 98 L.Ed. 132; Estep v. United States, 327 U.S. 114, 122–123, 66 S.Ct. 423, 90 L.Ed. 567. In determining whether there is a basis in fact for the classification, the court may take into account the possibility that the board proceeded under an erroneous view of the law.[3]

■ There is no statute or regulation requiring the appeal board to make any findings of fact or conclusions of law or in any other way indicate reasons for its decision. See 32 C.F.R. § 1626.27(a); United States v. Stepler, 3 Cir., 258 F.2d 310, 317. However, where the appeal board states its reasons for not granting a request for a different classification, a determination of whether the board classification has a basis in fact can best be made by reviewing the agency record in light of those reasons.

■ As noted above, in its order of March 16, 1961, the appeal board gave two specific reasons for not granting Gatchell's request for a IV-D classification. The first of these was that:

---

**3.** See Sicurella v. United States, 348 U.S. 385, 392, 75 S.Ct. 403, 99 L.Ed. 436; Shepherd v. United States, 9 Cir., 217 F.2d 942, 944–946; United States v. Stepler, 3 Cir., 258 F.2d 310, 317.

"The registrant is not pursuing a full-time course of study in a ministerial school." However, Gatchell sought a IV–D classification on the ground that he was an ordained minister, and not on the ground that he was a divinity student. Therefore, even if Gatchell was not pursuing a full-time course of study in a ministerial school, this would not provide a basis in fact for denying his request for a IV–D classification.

The other reason given by the appeal board for denying the requested IV–D classification was that:

"The registrant has stated he is a Literature Servant devoting 50 hours per month to teaching. The [sic] is no verification supporting this claim in his file."

If this statement by the appeal board was intended to imply that Gatchell predicated his request for a IV–D classification upon the limited representation that he devotes only 50 hours per month to teaching, the implication has no basis in fact. It is true that, in his September 20, 1960 letter attached to his draft form, Gatchell stated that he had a monthly average of ten hours preaching publicly and an average of forty hours preparation and attending Bible instruction classes and ministry school courses. However, at his personal appearance before the local board on December 7, 1960, Gatchell made the undisputed statement that he was then devoting one hundred hours a month to initial calls, meetings, preparation and call-backs.

If, on the other hand, this statement by the appeal board was intended to imply that Gatchell's total showing in support of a IV–D classification was inadequate because there was no supporting verification that Gatchell devoted a certain number of hours a month to service as a Literature Servant, such implication likewise has no basis in fact.

■ If a registrant's representation of fact stands undisputed in the record, as is the case with regard to Gatchell's statements concerning his actual church activities, it may not be disregarded by the appeal board on the ground that it is not corroborated by an independent showing. As the Supreme Court stated in Dickinson v. United States, 346 U.S. 389, at 397, 74 S.Ct. 152, at 158, 98 L.Ed. 132:

" * * * when the uncontroverted evidence supporting a registrant's claim places him prima facie within the statutory exemption, dismissal of the claim solely on the basis of suspicion and speculation is both contrary to the spirit of the Act and foreign to our concepts of justice."

■ The above-quoted *Dickinson* rule specifically precludes resort to suspicion and speculation to overturn a prima facie case. In our view, the reasoning upon which this rule is based likewise precludes resort to suspicion and speculation to justify disregard of an undisputed factual representation made in an effort to present a prima facie case on behalf of a registrant.

■ In view of the reasons given by the appeal board, we therefore hold that its decision to deny Gatchell a IV–D classification was without a basis in fact.

■ The Government nevertheless asks us to examine the information which the appeal board had before it and to hold, on the basis of that information, that there is a basis in fact for the appeal board order. This may have been our prerogative if the appeal board had not disclosed its reasons. We might then assume that if the record before us showed a basis in fact for the result reached, this was the basis relied upon by the appeal board.[4]

There is no room for such an assumption, however, when the appeal board has stated one or more reasons which, as we have held, do not disclose a basis in fact for denial of a particular classification. Although the appeal board memorandum, quoted above, states that these two reasons are given "among others," we will

4. On the other hand, such an assumption might not be justified by the record. See

United States v. Jakobson, 2 Cir., 325 F.2d 409, 416–417.

not search the record to find other reasons when the appeal board has given specific reasons which are legally insufficient to support the appeal board's classification. Even if we made an independent search of the record and found an adequate basis in fact to support the action of the appeal board, there would be the risk that the impropriety of the two stated reasons tainted the appeal board's decision. See the cases cited in note 3.

The Government also argues that the validity of the classification need not rest upon the appeal board order because considerable additional information was thereafter received by the local board, and it fully sustains the board's refusal to grant Gatchell a IV–D classification.

It is true that a great deal of additional information was supplied to the local board by Gatchell between March 16, 1961, when the appeal board entered its order, and December, 1964, when the local board ordered him to report for a work assignment. This information, submitted in the form of current information questionnaires, letters from Gatchell and others, and statements made during personal appearances before the board, show Gatchell's subsequent church and secular activities during this period. Upon the request of the trial court, counsel made some reference to these materials during oral argument on Gatchell's motion to acquit.

However, when the court suggested that perhaps Gatchell should testify, Gatchell's counsel pointed out that since the validity of the I–O classification must be judged on the basis of information that was before the appeal board, any further evidence would be irrelevant.

This was a correct statement of the law and is applicable not only to the re-

ception of testimony at the trial, but to all information received by the local board after the appeal board order of March 16, 1961. Gatchell had made no request to the local board to reopen the classification, nor had the board done so on its own motion. While this additional information is in the file before us, there is no indication that the appeal board considered it. Nor does the file make reference to any further decision or expression of views, formal or informal, by the local board. The matter never again came before the appeal board.

■ Under these circumstances, a determination of the validity of Gatchell's I–O classification may not take into account information received by the local board or by the trial court subsequent to the appeal board order of March 16, 1961. See Cox v. United States, 332 U.S. 442, 454–455, 68 S.Ct. 115, 92 L.Ed. 59.

Both Gatchell and the Government argue that the new information supports their respective positions. We express no view as to this other than to observe that there could be a substantial change either way in Gatchell's church status during the six years which have elapsed since the appeal board issued its order on March 16, 1961. Under somewhat similar circumstance, the Second Circuit, in United States v. Jakobson, 2 Cir., 325 F.2d 409, at 417, said:

"* * * because we are dealing here with action taken by the Appeal Board five years ago, we think it more 'just under the circumstances,' 28 U.S.C. § 2106, to direct dismissal of the indictment * * * without prejudice to such new proceedings for Jakobson's induction, if any, as the Selective Service System may think it wise to undertake. Reversed." [5]

5. The more recent Second Circuit decision in United States v. Gearey, 2 Cir., 368 F.2d 144, is not contrary to that circuit's decision in *Jakobson*. In *Gearey*, unlike *Jakobson* and our case, there was no question of what to do about new factual developments during a long period of time between issuance of the board order and the court review. The question in *Gearey* was whether, after a local board had given inadequate reasons for denying a requested reclassification, and the registrant had thereafter taken the irrevocable step of refusing induction,

We believe that the prosecution against Gatchell should be disposed of in like manner.

Reversed.

the appellate court should remand to the trial court so that the local board could state whether it had an adequate reason based upon the original agency record. The Ninth Circuit has previously indicated that it does not favor the

latter procedure. See Batelaan v. United States, 9 Cir., 217 F.2d 946, 947, n. 1.