**UNITED STATES of America,**
**Plaintiff,**

v.

**Terry Lee DILLON, Defendant.**

**No. Cr. 67–193.**

United States District Court
D. Oregon.

March 19, 1968.

Sidney I. Lezak, U. S. Atty., Mallory C. Walker, Asst. U. S. Atty., Portland, Ore., for plaintiff.

Wm. S. McLennan, Portland, Ore., for defendant.

OPINION

SOLOMON, Chief Judge:

Terry Lee Dillon was indicted for failure to comply with an order of his Draft Board ordering him to report for civilian work. 50 U.S.C. App. § 462. The facts are not in dispute.

Dillon, a member of Jehovah's Witnesses, was originally classified 1–O

(conscientious objector) on September 15, 1964. On June 29, 1966, he requested an opportunity to present additional information to his Board in support of his claim for a 4–D classification (ministerial exemption).

Dillon subsequently appeared before the Board and submitted information which showed that he was a Vacation Pioneer devoting at least one hundred thirty hours per month to the ministry; that he had been doing this for fourteen consecutive months; and that he spent only twenty-five hours per month in his secular work. The Board refused to change his classification.

The government appeal agent appealed this decision. On October 6, 1966, the Oregon Appeal Board reversed the Local Board and classified Dillon 4–D by a 4–0 vote.

However, on October 10, 1966, Colonel Nielson of the Oregon Selective Service wrote to the Appeal Board and asked it to reconsider Dillon's 4–D classification. Colonel Nielson stated:

"A review of the registrant's file reveals that he has never been more than a Vacation Pioneer which has not generally been considered a basis for Class IV–D. Vacation Pioneer appointments are usually not considered full time. These appointments are for a six month period. The fact that the registrant has had a Vacation appointment for 14 consecutive months would not change his status from a temporary to a permanent minister."

On November 9, 1966, the Appeal Board reconsidered and by a 5–0 vote, classified Dillon 1–O.

■ Dillon has exhausted his administrative remedies and the military has found him physically and mentally acceptable. He can defend this criminal prosecution for failure to report for civilian work on the ground that he should have been classified 4–D. Gatchell v. United States, 378 F.2d 287 (9th Cir. 1967).

■ Judicial review of the Board's classification is extremely limited; a classification may be invalidated only if it does not rest upon any basis in fact. Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953); Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946).

■ The uncontradicted evidence before the Board discloses that Dillon spent at least one hundred thirty hours a month in the ministry and that he had been doing this for fourteen months. Though Dillon had a secular job for twenty-five hours each month, this fact does not preclude a ministerial deferment. Dickinson v. United States, supra.

In Dickinson v. United States, supra, the Court found that there was no basis in fact for the Board's refusal to grant a 4–D classification to the defendant who devoted one hundred fifty hours a month to his ministry and had a secular job for twenty hours a month. In Wiggins v. United States, the defendant spent more time in secular work than in the ministry, 261 F.2d 113 (5th Cir. 1958), cert. denied, 359 U.S. 942, 79 S. Ct. 723, 3 L.Ed.2d 676 (1959); in United States v. Ransom, the defendant spent one hundred hours per month in the ministry, he worked one day per week in secular employment, 223 F.2d 15 (5th Cir. 1955); and in United States ex rel. Hull v. Stalter, defendant earned $26 per week in secular employment, 151 F.2d 633 (7th Cir. 1945). The facts here are just as compelling as those in any of these cases in which the Courts found that there was no basis in fact for the Board's refusal to classify the defendants 4–D.

■ A Jehovah's Witness is entitled to a ministerial exemption if (1) the ministry is his vocation rather than his avocation; (2) religious affairs occupy a substantial part of his time and are carried on with regularity; and (3) he stands in the relation of a minister to a congregation or in an equivalent relation

as a recognized leader of a group of lesser members of his faith. Fitts v. United States, 334 F.2d 416 (5th Cir. 1964).

The uncontradicted evidence presented to the Board establishes that Dillon satisfied these requirements. The defendant's vocation was the ministry and he devoted most of his time to it. He spent a considerable amount of time in door to door ministry and he delivered sermons in congregational meetings. The fact that he was classified as a "Vacation Pioneer" and not a "Pioneer" does not preclude him from obtaining a ministerial classification.

I find that there was no basis in fact for Dillon's 1–O classification. Dillon was entitled to a 4–D classification. I find him not guilty as charged in the indictment.