Roger Dean CLARK, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 14176.

United States Court of Appeals,
Ninth Circuit.

April 13, 1955.

For former opinion, see 217 F.2d 511.

J. B. Tietz, Los Angeles, Cal., Hayden C. Covington, Brooklyn, N. Y., for appellant.

Lloyd H. Burke, U. S. Atty., Richard H. Foster, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before HEALY and POPE, Circuit Judges, and YANKWICH, District Judge.

PER CURIAM.

Appellee seeks a rehearing asserting that the decision of the Supreme Court in Witmer v. United States on March 14, 1955, 75 S.Ct. 392, requires a decision contrary to our previous judgment herein.

We find no resemblance between this case and the Witmer case. The Witmer case, like our cases of White v. United States, 9 Cir., 215 F.2d 782, and Tomlinson v. United States, 9 Cir., 216 F.2d 12, was one in which it was clear that the registrant had been denied a conscientious objector classification upon the simple determination that he was not sincere. The facts relating to Clark are very different. The record here discloses not only that there was was no determination of insincerity on the part of Clark but the action of the appeal board followed the receipt of erroneous advice from the Department of Justice that in view of registrant's willingness to use force in self defense, defense of family and fellow church members, and concerning his employment by an establishment which served persons engaged in furthering the military effort, he could not be classified as a conscientious objector.

In Sicurella v. United States, 75 S.Ct. 403, 406, decided by the Supreme Court at the same time as the Witmer case, the Supreme Court held that the action of an appeal board following its receipt of a Department of Justice recommendation which was similarly erroneous, and which board action denied conscientious objector claims, was void and voided a conviction in a case of this kind. The Supreme Court said: "The report of the Department of Justice to the Appeal Board clearly bases its recommendation on petitioner's willingness to 'fight under some circumstances, namely in defense of his ministry, Kingdom interests and in defense of his fellow brethren,' and we feel that this error of law by the Department, to which the Appeal Board might naturally look for guidance on such questions, must vitiate the entire proceedings at least where it is not clear that the Board relied on some legitimate ground. Here, where it is impossible to determine on exactly which grounds the Appeal Board decided, the integrity of the selective service system demands, at least, that the Government not recommend illegal grounds."

We think that the decision in the Sicurella case compels approval of our former decision here.

The petition is denied.