Charles Porter OSBORN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 8939.

United States Court of Appeals Fourth Circuit.

Argued June 4, 1963.

Decided June 12, 1963.

Roger D. Redden, Baltimore, Md. (court-assigned counsel), for appellant.

Daniel F. McMullen, Jr., Asst. U. S. Atty. (Joseph D. Tydings, U. S. Atty., and Robert J. Carson, Asst. U. S. Atty., on brief), for appellee.

Before SOBELOFF, Chief Judge, BRYAN, Circuit Judge, and LEWIS, District Judge.

916

PER CURIAM.

The plaintiff was found guilty of violating 50 U.S.C.Appendix §§ 456(j) and 462 (willful failure to obey an order of his local draft board to report, as a conscientious objector, for civilian employment in lieu of military service).

He now contends Local Board No. 43 (Charles County, Maryland) did not fully and fairly consider his claim to exemption from national service based upon his ministerial status.

■■ His contention is without merit. The burden is upon the petitioner to prove he was a minister of religion; that he occupied a position of leadership; and that he preached and taught principles of religion as his regular and customary vocation. See Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132. This he has failed to do. He was given an I-O (conscientious objector) classification by his local draft board. He did not appeal this classification or request a hearing at any time. His failure to so do, absent exceptional and unusual circumstances, precludes him from raising the correctness of his classification as a defense in his criminal prosecution. See Miller v. United States, 4 Cir., 239 F.2d 148.

■ The extent of judicial review of cases of this type arising under the Selective Training and Service Act of 1940, 50 U.S.C.Appendix § 311 et seq., is limited to those cases where there is no basis in fact for the classification given by the local draft board. . . . The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous. See Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567.

■ Upon review, we can not say there is no basis in fact for the classification given; therefore the decision of the local draft board in classifying Charles Porter Osborn I-O (conscientious objector) is final.

■ Petitioner's further contentions, namely, that the names of advisors to registrants were not conspicuously posted and that the District Judge erred in not permitting counsel for the defendant to question the chairman of the local draft board as to the basis for the I-O classification given, are both without merit. The Court found against him as to the posting, and was correct in not requiring the board chairman to disclose the reasons for the classification as given.

The decision appealed from is

Affirmed.