**UNITED STATES of America**

v.

**Robert Warren CARROLL, Appellant.**

**No. 16878.**

United States Court of Appeals
Third Circuit.

Argued June 17, 1968.

Decided Aug. 7, 1968.

Emerson L. Darnell, Mount Holly, N. J., for appellant.

Elliot Scher, Asst. U. S. Atty., Newark, N. J., David M. Satz, Jr., U. S. Atty., Newark, N. J., George J. Koelzer, Asst. U. S. Atty., on the brief, for appellee.

Before KALODNER and VAN DUSEN, Circuit Judges and WRIGHT, District Judge.

## OPINION OF THE COURT

CALEB M. WRIGHT, District Judge.

This is an appeal by Carroll from his conviction by a jury of failure to report for induction into military service in violation of 50 U.S.C. App. § 462(a).

Appellant's selective service file, which contains the records kept by his local draft board, discloses the following pertinent facts: 1—Appellant registered with Local Board No. 12, Montclair, N. J., on August 26, 1958; 2—at that time appellant requested and signed SSS Form No. 150, a special form for persons who claim to be conscientious objectors; 3—appellant was classified 1–O (conscientious objector) on August 16, 1960; 4—on August 12, 1963 returned SSS Form No. 127, (current informa-

tion questionnaire) along with a letter outlining his future plans to Local Board No. 12; 5—appellant was re-classified into class 1–A (available for military service) on September 17, 1963; 6—on October 15, 1963 appellant appeared personally before Local Board No. 12 and on October 16, 1963 he was retained in class 1–A by a unanimous vote of the Board; 7—appellant appealed that decision to the State Board of Appeal which affirmed the action of Local Board No. 12 by a unanimous vote; 8—appellant exhausted all of the administrative remedies available to him within the Selective Service structure.

■ It is by now axiomatic in Selective Service cases that the standard of judicial review of classifications by a local board is whether there is basis in fact for the board's classification. Estep v. United States, 327 U.S. 114, 66 S. Ct. 423, 90 L.Ed. 567 (1946); Dickinson v. United States, 346 U.S. 389, 74 S.Ct. 152, 98 L.Ed. 132 (1953); United States v. Spiro, 384 F.2d 159 (3rd Cir. 1967).[1]

■ Does the record before us supply basis in fact for appellant's 1–A classification? The Selective Service regulation, 32 C.F.R. Ch. XVI § 1622.14 set forth the bases upon which a registrant is to be classified 1–0:

"(a) In Class 1–0 *shall be placed* every registrant who would have been classified in Class 1–A but for the fact that he has been found, by reason of religious training and belief, to be conscientiously opposed to participation in war in any form and to be conscientiously opposed to participation in both combatant and noncombatant training and service in the armed forces." (Emphasis added).

The regulations also provide, that a registrant must be placed in the lowest class for which he is eligible, Title 32, Ch. XVI, § 1623.2. Thus regulation §

1622.14 is not merely precatory, but is mandatory upon the local board.

■ The burden is upon the registrant to establish his entitlement to any classification other than 1–A. United States v. Porter, 314 F.2d 833 (7th Cir. 1963); United States v. Brown, 290 F. Supp. 542 (D.Del. May 13, 1968). The record shows that appellant had met this burden to the satisfaction of Local Board No. 12 on August 16, 1960 when it classified him 1–0, and further indicates that this situation obtained until September 17, 1963 when the board, having received appellant's current information questionnaire (SSS Form 127) and the accompanying letter declarative of certain of appellant's future intentions, reclassified him 1–A.

The question then is whether the information contained in appellant's letter of August 12, 1963 and that which was developed at his personal appearance before the board, justified the board's changing his classification from 1–0 to 1–A. Title 32 C.F.R. Ch. XVI § 1625.2 authorizes a local board to reopen a registrant's classification:

"(b) upon its own motion if such action is based upon facts not considered when the registrant was classified which, if true, would justify a change in the registrant's classification; * * *"

What were the "facts not considered" upon which the local board relied? Appellant's August 12, 1963 letter states, among other things, that he would like, if possible, to continue his secular work as a photographer but that "my Ministry shall always come first." And further "I am not trying to get out of anything and just don't believe in pioneering in order to get out of anything, it must truly come from the heart. I do want to pioneer, but the time is not right. First I must establish myself as

---

1. In view of this Court's conclusion that there was no basis in fact for appellant's classification, we do not reach the issue of whether the submission of that question to the jury may, of itself, have been error, c.f. Smith v. United States, 157 F. 2d 176 (4th Cir. 1946); Cox v. United States, 332 U.S. 442, 68 S.Ct. 115, 92 L. Ed. 59 (1947).

a good photographer, then go in my own business on a part time basis, so I can pioneer and help and preach to people today, who are so spiritually sick."

The minutes of the October 15, 1963 meeting of Local Board No. 12 show that appellant appeared personally before them and answered several questions and made certain statements. He indicated that after he received his 1–A classification he realized that he had been wrong to attempt to serve two masters and that henceforth he would be devoting a much larger proportion of his time to the service of Jehovah.

Appellant also answered various of the board's questions to the effect that he would believe in the use of force for the protection of family and friends, and would participate in any war that he understood was authorized by Jehovah.

Relying primarily upon these statements [2] and those contained in appellant's August 12 letter, the board concluded that the change in the registrant's classification from 1–0 to 1–A was warranted.[3]

■ Analysis of the questions posed by Local Board No. 12 and the responses of the appellant, reveals that, at best, the board was applying an ambiguous and hence erroneous standard in determining the propriety of appellant's 1–0

classification. We have already indicated the standard for a 1–0 classification which is enunciated by the Selective Service regulations: a conscientious opposition to participation in war which opposition is the product of religious training and belief. The regulations expand the concept of "religious training and belief" for purposes of a 1–0 classification as follows:

"Religious training and belief in this connection means an individual's belief in a relation to a Supreme Being involving duties superior to those arising from any human relation, but does not include essentially political, sociological, or philosophical views or a merely personal moral code." Title 32, Ch. XVI, § 1622.-14(b).

The local board did not limit itself to those considerations set forth in the regulations. It applied a hybrid standard which combined elements for a 1–0 classification with those for a IV–D or ministerial classification.[4]

■■ In determining whether there is any basis in fact for the registrant's classification, this Court may consider the fact that the local board has applied an incorrect standard in making its determination, Gatchell v. United States, 378 F.2d 287 (9th Cir. 1967).[5] And in

---

2. Appellant apparently also stated that he would not serve in a local, county or state hospital, because it would interfere with his visitation. In the local board's view this counted against the registrant because it felt that he was only doing a minimum of preaching. As indicated *infra*, the emphasis which the local board placed upon the number of hours which the registrant devoted to visitation and preaching is inapposite to a 1-0 classification. Furthermore, the request in the registrant's August 12, 1963 letter with respect to a part-time civil service program militates against the board's conclusions as to the registrant's willingness to accept civilian employment.

3. The Board stated its conclusions as follows:
   "Since Mr. Carroll made the point very clear that he became interested in further religious activity only after re-

ceiving his I-A, and that had he not been reclassified he would have continued his employment as a photographer, and that since, if attacked he would defend himself or his family, and the possibility he would refuse civilian employment at an Institution or Agency, since it would interfere with his visitation and distribution of pamphlets and literature (although he, admittedly, spent approximately two hours a month during the past three years doing this) it was the decision of the Board the registrant should be classified in I-A."

4. See footnote 3, supra.

5. Though the registrant appealed the decision of his local board to the state appeals board they unanimously affirmed the decision of the local board without comment. Thus the Court must assume that the application of the erroneous standard remained uncorrected.

any event, the Court is free to examine the registrant's entire Selective Service file in reviewing the action of the local board. Estep v. United States, supra; United States v. Stepler, 258 F.2d 310 (3rd Cir. 1958).

We find nothing in the record before the local board which would disentitle appellant to a 1–0 classification. His statement that he would participate in any war which he understood to be authorized by Jehovah is wholly consistent with his conscientious objection, and does not constitute any basis in fact to revoke his 1–0 classification, Sicurella v. United States, 348 U.S. 385, 75 S.Ct. 403, 99 L.Ed. 436 (1955); Kretchet v. United States, 284 F.2d 561 (9th Cir. 1960). Nor does his avowed willingness to use force to protect his family and friends provide any basis in fact for his reclassification. Clark v. United States, 217 F.2d 511 (9th Cir. 1954), Reh. den. 221 F.2d 480; United States v. Corliss, 173 F.Supp. 677 (S.D.N.Y.1959). Appellant's increased ministerial activities after he received his 1–A classification and his overall limited ministerial work are irrelevant to his entitlement to a 1–0 classification.

We conclude that while Local Board No. 12 could properly have found the appellant did not satisfy his burden of establishing a IV–D classification, no portion of the record before them furnished any basis for their rejection of a conscientious objector's classification in his case.

The record shows that appellant has exhausted his administrative remedies. Thus he may properly assert the defense of no basis in fact in this criminal prosecution.[6] Having done so, and this Court finding that there is no factual basis for his reclassification, the judgment of conviction will be reversed, and the cause remanded to the District Court with directions to enter a judgment of acquittal.

6. See: United States v. Palmer, 223 F.2d 893 (3rd Cir. 1955), cert. den., 350 U.S. 873, 76 S.Ct. 116, 100 L.Ed. 772 (1955)

and Dunn v. United States, 383 F.2d 357 (1st Cir. 1967), cert. den., 390 U.S. 982, 88 S.Ct. 1103, 19 L.Ed.2d 1280 (1968).