Application of Timothy Curtis JOCHIM, Petitioner,

v.

Major John P. McANAW, Commanding Officer; Captain James P. DeBiase, Test Control Officer; Captain E. W. Marcks, Processing Officer; all of the United States Armed Forces Entrance and Examination Station, 225 Fourth Avenue North, Fargo, North Dakota, Respondents.

Civ. No. 4434.

United States District Court
D. North Dakota,
Southeastern Division.
March 26, 1969.

Patrick J. Maddock, of Degnan, Mc-Elroy, Lamb & Camrud, Grand Forks, N. D., for petitioner.

Eugene K. Anthony, U. S. Atty., Fargo, N. D., for respondents.

## MEMORANDUM AND ORDER

RONALD N. DAVIES, District Judge.

This matter is before the Court on the petition of Timothy Curtis Jochim against Major John P. McAnaw, Commanding Officer of the United States Armed Forces Entrance and Examination Station, and others, in which Jochim seeks a Writ of Habeas Corpus from the Court, alleging, among other things,

(a) That petitioner is illegally incarcerated in the City of Fargo by the respondents,

(b) That he has been unlawfully restrained, detained and imprisoned by the military authorities of the United States Army,

(c) That he has exhausted the administrative remedies to seek a review of the proceedings of his Selective Service Board, Local Board No. 30, Morton County, North Dakota, and to have a rehearing on his request to reopen and consider anew his petition for reclassification under the Selective Service Act,

(d) That he has been denied due process of law by his draft board, which Jochim alleges arbitrarily and capriciously refused to reopen and reconsider his request for reclassification from I–A to II–A status and the written request for occupational deferment by reason of a short term teaching contract apparently entered into by petitioner and a school district.

Petitioner requested and was granted a temporary restraining order pending a hearing upon his application for the Great Writ.

Petitioner requested this Court to declare void Local Board 30's notice to report for induction and to order his Morton County Local Board to grant his classification as a conscientious objector, or, in the alternative, that petitioner's local board reopen and consider anew Jochim's request for reclassification.

Initially it must be noted that on a Habeas Corpus hearing the burden is on the petitioner Jochim of proving by a preponderance of the evidence the facts which, petitioner alleges, entitle him to a discharge. Walker v. Johnston, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830. This case was cited with approval more than five years later in Eagles v. United States ex rel. Samuels, 329 U.S. 304, 67 S.Ct. 313, 91 L.Ed. 308, in which the Supreme Court again held that the petitioner there had the burden of showing he was unlawfully detained.

This Court observes also that an appeal board's action in evaluating a registrant's status and in classifying him, completely and finally supersedes

the action of a local board in classifying a registrant, although the classification of the appeal board is the same as that of the local board. Universal Military Training and Service Act, § 1 et seq., 50 U.S.C.A. App. § 451 et seq., Tyrrell v. United States, 9 Cir., 200 F.2d 8, certiorari denied, 345 U.S. 910, 73 S.Ct. 646, 97 L.Ed. 1346.

In Selective Service the standard of judicial review of classifications by a local board is whether there is basis in fact for the board's classification.

The regulations provide that a registrant must be placed in the lowest class for which he is eligible and the burden is upon the registrant to establish his entitlement to any classification other than I–A. United States v. Carroll, 3 Cir., 398 F.2d 651.

The basis of a conscientious objector classification under the statute is that one "by reason of religious training and belief is conscientiously opposed to participating in war in any form." 50 U.S.C.A. App. § 456(j). The ultimate question in cases of this kind, therefore, is the sincerity of the registrant in his claimed belief, a purely subjective question in which objective facts are relevant only to the extent that they supply help in its decision. United States v. Bellmer, 3 Cir., 404 F.2d 132.

"[W]hile the 'truth' of a belief is not open to question, there remains the significant question whether it is 'truly held.' This is the threshold question of sincerity which must be resolved in every case. It is, of course, a question of fact—a prime consideration to the validity of every claim for exemption as a conscientious objector." United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733.

The question then is does the record in this matter supply basis in fact for petitioner's I–A classification? I hold that it does.

"Extent of judicial review available with respect to draft classification is limited to cases where there is no basis in fact for classification given by local board, and decisions of local boards made in conformity with regulations are final, though they may be erroneous. Universal Military Training and Service Act, §§ 6(j), 12, 50 U.S.C.A. Appendix §§ 456(j), 462." Osborn v. United States, 4 Cir., 319 F.2d 915 (1963).

Mr. Justice Tom C. Clark in United States v. Seeger, 380 U.S. 163, at page 185, 85 S.Ct. 850, at page 864, 13 L.Ed. 2d 733, at page 747, said, among other things:

"* * * Finally, we would point out that in Estep v. United States, 327 U. S. 114, 66 S.Ct. 423, 90 L.Ed. 567, * * *, this Court held that:

" 'The provision making the decisions of the local boards "final" means to us that Congress chose not to give administrative action under this Act the customary scope of judicial review which obtains under other statutes. It means that the courts are not to weigh the evidence to determine whether the classification made by the local boards was justified. The decisions of the local boards made in conformity with the regulations are final even though they may be erroneous. The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant.' "

The petitioner Jochim was afforded the opportunity of a plenary hearing on his application for the Writ. He has failed to demonstrate his entitlement thereto.

Finding, as it does, that there is basis in fact for the petitioner's classification as I–A, that petitioner was accorded due process of law in all of the action taken by his Local Board No. 30, Morton County, North Dakota, and by the State Appeal Board, and that petitioner's induction into the Armed Forces of the United States was lawful in every respect, the Government's motion to dismiss must be and it is hereby granted.

The application of the petitioner, Timothy Curtis Jochim, for a Writ of Habeas Corpus, must be and it is hereby denied.

The temporary restraining order heretofore issued herein, must be and it is hereby in all things dissolved and vacated.