UNITED STATES of America, Plaintiff,

v.

Robert Lee FORSTING, Defendant.

Crim. No. 9263.

United States District Court D. North Dakota, Southeastern Division.

April 24, 1969.

Harold O. Bullis, U. S. Atty., and Eugene K. Anthony, Asst. U. S. Atty., Fargo, N. D., for plaintiff.

George E. Duis, Fargo, N. D., for defendant.

## MEMORANDUM OPINION

RONALD N. DAVIES, District Judge.

The defendant, Robert Lee Forsting, is before the Court on an indictment charging that on or about the 1st day of July, 1968, in the District of North Dakota, the defendant, Robert Lee Forsting, unlawfully, wilfully and knowingly did fail and neglect to perform a duty required of him under and in the execution of the Universal Military Training and Service Act and the rules, regulations, and directions duly made pursuant thereto, in that the defendant did fail and neglect to comply with an order of his local board to submit to induction into the armed forces of the United States.

The evidence was taken April 22, 23 and 24, 1969, after which counsel made their arguments to the Court, which tried the case without a jury, agreeable to the waiver thereof signed by the defendant and his counsel on April 11, 1969, with a consent of the United States Attorney executed on the same date and pursuant to this Court's order based on the waiver and consent.

The defendant has urged by way of defense that he was not given a I-O classification, that of a conscientious objector, to which he claims to have been entitled, and urges upon us that he was denied due process of law by his Selective Service Board.

It is elementary that in Selective Service cases the standard of judicial review of classifications by a local board is whether there is basis in fact for the board's classification.

Selective Service Boards have to decide conscientious objector questions upon subjective standards motive, and sincerity of purpose, and it is not for the Courts to sit as super draft boards substituting their judgment on weight of evidence for that of the Selective Service System, nor do they look for substantial evidence to support such determinations. Universal Military Training and Service Act, § 12 as amended 50 U.S.C.A. App. § 462, Kessler v. United States, 406 F.2d 151 (1969).

Plaintiff's Exhibit 1, the Selective Service cover sheet containing all of the action taken by the defendant's Selective Service Board, the Hearing Examiner and the State Appeal Board, containing exhibits marked 1 through 74, both numbers inclusive, has been carefully reviewed by this Court.

It is clear to this Court that the conclusions of the Selective Service Board No. 6 of Aberdeen, South Dakota, are sustained by a reading of the defendant's Selective Service file.

As will be seen by plaintiff's Exhibit 1-30, among other exhibits, the local board took due note that the defendant first asked consideration as a student, and a farmer, withdrawing his first "conscientious objector" appeal and enlisting in the Navy from which he was subsequently discharged, which caused the board to question the sincerity of the defendant's religious beliefs.

In Osborn v. United States, 319 F.2d 915 (4 Cir., 1963), it was held that the

"[e]xtent of judicial review available with respect to draft classification is limited to cases where there is no basis in fact for classification given by local board, and decisions of local boards made in conformity with regulations are final, though they may be erroneous. Universal Military Training and Service Act, §§ 6(j), 12, 50 U.S.C.A. Appendix §§ 456(j), 462."

**86**

As we pointed out in the Matter of the Application of Jochim v. McAnaw, (S.E. Div.N.D.) 296 F.Supp. 1305, 1307:

"[W]hile the 'truth' of a belief is not open to question, there remains the significant question whether it is 'truly held.' This is the threshold question of sincerity which must be resolved in every case. It is, of course, a question of fact—a prime consideration to the validity of every claim for exemption as a conscientious objector." United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733.

A Selective Service Board is not required to record all of its inner thoughts and motives in the classification of registrants; to demand this would impose upon the Selective Service System an intolerable burden.

 Constitutional standards and judicial decisional standards are met if the Selective Service folder discloses a basis in fact for the registrant's classification, and in this case it does.

 There is a presumption of regularity which attaches to the proceedings of local boards within the entire Selective Service System. In the view of this Court the proceedings of the defendant's local board in this case were and are presumptively correct, nor have they been successfully challenged in this case.

It should be said that this Court expresses no opinion as to whether the defendant is or is not a conscientious objector or whether he was or was not properly classified. His local board classified him I-A and there is a basis in fact for that classification as disclosed in the registrant's cover sheet, plaintiff's Exhibit No. 1 in this case.

Turning now to the indictment itself, the Court finds as a matter of fact that the United States has successfully borne the burden of proving beyond a reasonable doubt that the defendant, Robert Lee Forsting, unlawfully, wilfully and knowingly failed and neglected to comply with an order of his local board to submit to induction into the armed forces of the United States, and that he unlawfully, knowingly and wilfully failed and neglected to perform a duty required of him under the Universal Military Training and Service Act.

The Court finds the defendant, Robert Lee Forsting, guilty of the offense charged in the indictment.

A presentence investigation will be required and a date for the defendant's sentencing is hereby fixed and set for 2:00 o'clock p. m., Monday, May 5, 1969, in this courtroom.

The defendant's bail is ordered exonerated and he is committed to the custody of the United States Marshal to await imposition of sentence.

This Memorandum Opinion is in conformity with Rule 23(c), Federal Rules of Criminal Procedure.