**UNITED STATES of America,
Plaintiff,**

v.

**Roger Darrell RUUD, Defendant.**

**Crim. No. 9266.**

United States District Court
D. North Dakota,
Southeastern Division.

April 28, 1969.

Eugene K. Anthony, Asst. U. S. Atty., Fargo, N. D., for plaintiff.

Edward J. Murphy, Fargo, N. D., for defendant.

## MEMORANDUM AND ORDER

RONALD N. DAVIES, District Judge.

I have carefully read the defendant's cover sheet which is in evidence as Plaintiff's Exhibit No. 1. This Court adheres to what it recently said in connection with another case of this type that "conscientious objector classification is to be overturned only if it has no basis in fact." Universal Military Training and Service Act, § 12 as amended 50 U.S.C.A. App. § 462, Kessler v. United States, 406 F.2d 151 (5th Cir. 1969).

The Court is of the opinion that in this case the denial of conscientious objector classification to this defendant was without basis in fact. Nowhere does the Court find anything in Plaintiff's Exhibit 1 that there is any reason given or implied why defendant was classified I–A.

The Court observes that this matter dates back to September of 1963; that on November 17, 1965, the defendant had declined to be sworn in at the induction station in Fargo and that the then United States Attorney, Mr. John O. Garaas, on December 1, 1965, declined prosecution, on the basis that the actual question of whether the defendant was entitled to be classified as a conscientious objector should first be resolved.

Thereafter the opening and reclassifying of the defendant automatically cancelled the previous induction order and the defendant is now here on the basis of the indictment that charges that on or about the 25th of June, 1968, the defendant unlawfully and wilfully failed and neglected to perform a duty required of him under and in execution of the Universal Military Training and Service Act in that he failed and neglected to comply with an order of his local board to submit to induction into the armed forces.

As was pointed out in Osborn v. United States, 4 Cir., 319 F.2d 915 (1963), the

"[e]xtent of judicial review available with respect to draft classification is limited to cases where there is no basis in fact for classification given by local board, and decisions of local boards made in conformity with regulations are final, though they may be erroneous. Universal Military Training and Service Act, §§ 6(j), 12, 50 U.S.C.A. Appendix §§ 456(j), 462."

It is worthy of note that the Chief, Conscientious-Objector Section of the United States Department of Justice, Mr. T. Oscar Smith, reached a similar conclusion. In a four and a half page letter, dated January 22, 1968, addressed

to the Chairman, Appeal Board, State of Minnesota, Mr. Smith set out his recommendation, finding that the defendant's conscientious-objector claim should be sustained and recommending that he be classified in I–O.

Finding no basis in fact for the refusal of the draft board to classify this defendant as a conscientious objector, I find the defendant not guilty of the offense charged in the indictment.

The defendant's bail is ordered exonerated and he is discharged from custody.

This Memorandum and Order is considered in compliance with Rule 23(c), Federal Rules of Criminal Procedure.