**UNITED STATES of America,
Plaintiff,**

v.

**James Leonard CAVERLY, Defendant.**

**Crim. No. 9307.**

United States District Court
D. North Dakota,
Southeastern Division.

Aug. 13, 1969.

Eugene K. Anthony, Asst. U. S. Atty.,
Fargo, N. D., for United States.

Harold A. Halgrimson, Fargo, N. D.,
for defendant.

## MEMORANDUM OPINION

RONALD N. DAVIES, District Judge.

The defendant, James Leonard Caverly, is before this Court on Count 2 of an indictment charging that on or about January 13, 1969, at Fargo, in the District of North Dakota, the defendant, James Leonard Caverly, unlawfully, willfully and knowingly did fail and neglect to perform a duty required of him under and in the execution of the Military Selective Service Act of 1967, and the rules, regulations and directions duly made pursuant thereto, in that the defendant did fail and neglect to comply with an order of his local board to report for and submit to induction into the Armed Forces of the United States.

This case was tried to the Court without a jury on August 12, 1969, pursuant to waiver of trial by jury executed by the defendant and his counsel, consented to by the United States and pursuant to this Court's order of August 5, 1969. Thereafter the Court had the benefit of the arguments of counsel.

It is apparently the main thrust of the defendant's case that he was not given a 1–O classification, that of a conscientious objector, to which he claims to have been entitled, and urges further that he was in effect denied due process of law by Cass County Local Board No. 9 and by the Appeals Board of the State of North Dakota. This Court says again, as it has said before, that it is elementary that in Selective Service cases the standard of judicial review of classifications by a local board is whether there is basis in fact for the board's classification. Whether this be referred to as affirmative evidence, rational basis in fact or simply a basis in fact, is purely a matter of semantics.

As we said in United States v. Forsting, 304 F.Supp. 83, on April 24, 1969:

"Selective Service Boards have to decide conscientious objector questions

upon subjective standards motive, and sincerity of purpose, and it is not for the Courts to sit as super draft boards substituting their judgment on weight of evidence for that of the Selective Service System, nor do they look for substantial evidence to support such determinations. Universal Military Training and Service Act, § 12 as amended, 50 U.S.C.A. App., § 462, Kessler v. United States, 406 F.2d 151 (1969).

\* \* \* \* \* \*

"In Osborn v. United States, 319 F.2d 915 (1963), it was held that the

'[e]xtent of judicial review available with respect to draft classification is limited to cases where there is no basis in fact for classification given by local board, and decisions of local boards made in conformity with regulations are final, though they may be erroneous. Universal Military Training and Service Act, §§ 6(j), 12, 50 U.S.C.A. Appendix §§ 456(j), 462.' "

As we pointed out in the Matter of the Application of Jochim v. McAnaw, (S.E.Div.N.D.) 296 F.Supp. 1305:

"[W]hile the 'truth' of a belief is not open to question, there remains the significant question whether it is 'truly held.' This is the threshold question of sincerity which must be resolved in every case. It is, of course, a question of fact—a prime consideration to the validity of every claim for exemption as a conscientious objector." United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733.

■ This Court has carefully reviewed Plaintiff's Exhibit No. 1, the defendant's Selective Service cover sheet, together with the other exhibits received in evidence, and is satisfied and convinced that the conclusions of Selective Service Board No. 9 are supported by affirmative, credible evidence and that there was a basis in fact for the classification of James Leonard Caverly.

A Selective Service Board is not required to record all of its inner thoughts and motives in the classification of registrants; to demand this would impose upon the Selective Service System an intolerable burden.

Constitutional standards and judicial decisional standards are met if the Selective Service folder discloses a basis in fact for the registrant's classification, and in this case it does.

There is a presumption of regularity which attaches to the proceedings of local boards within the entire Selective Service System. In the view of this Court the proceedings of the defendant's local board in this case were and are presumptively correct, nor have they been successfully challenged in this case.

It should be said that this Court expresses no opinion as to whether the defendant is or is not a conscientious objector or whether he was or was not properly classified. His local board classified him I–A and there is a basis in fact for that classification as disclosed in the registrant's cover sheet, plaintiff's Exhibit No. 1 in this case.

This Court finds as a matter of fact that the United States has successfully borne the burden of proving beyond a reasonable doubt that the defendant, James Leonard Caverly, is guilty on Count 2 of the indictment.

The Court finds the defendant, James Leonard Caverly, guilty of the offense charged in Count 2 of the indictment.

A pre-sentence investigation will be required and the date for the defendant's sentencing is hereby fixed and set for 10:00 o'clock a.m., Friday, August 22, 1969, in this courtroom.

The defendant's bail is continued in its present form and amount until imposition of sentence.

This Memorandum Opinion is in conformity with Rule 23(c), Federal Rules of Criminal Procedure.