**UNITED STATES of America**

v.

**Roger Pierre SHEVENELL, Jr.**

**Crim. No. 70-17.**

United States District Court,
D. Maine, S. D.

March 31, 1970.

Peter Mills, U. S. Atty., Edward G. Hudon, Asst. U. S. Atty., Portland, Me., Col. Clarence R. Harris, Alexandria, Va., for plaintiff.

Cushman D. Anthony, Portland, Me., for defendant.

## MEMORANDUM OF OPINION AND ORDER

GIGNOUX, District Judge.

Roger Pierre Shevenell, Jr. was indicted for refusing to submit to induction into the armed forces of the United States in violation of 50 U.S.C. App. § 462(a) (1967). At his trial by the Court without a jury, his principal defense was that his Selective Service Board applied an erroneous legal standard in denying his request for classification as a conscientious objector. Sicurella v. United States, 348 U.S. 385, 75 S.Ct. 403, 99 L.Ed. 436 (1955). The relevant record consists of defendant's Selective Service file as supplemented by testimony of the State Selective Service Director and the defendant.

The essential facts are undisputed. Defendant registered with his Local Selective Service Board in Portland, Maine on December 7, 1962, shortly after his 18th birthday. On April 10, 1964 he filed the standard Classification Questionnaire (SSS Form 100), in which he stated that he was a full-time student in the College of the Holy Cross, Worcester, Massachusetts, preparing for the priesthood. He made no claim for conscientious objector status at that time. He was initially classified I–A (Available for military service), but on May 5, 1964 he was given a II–S (Student deferment) classification, which was renewed in November, 1964, and in December, 1965. In the Summer of 1966 defendant was accepted as a candidate for the Catholic priesthood in the Dominican Order and entered the Dominican Novitiate, St. Peter Martyr Priory, Stockton Hill, Winona, Minnesota. On August 2, 1966 he was accordingly classified IV–D (Divinity student exemption). The file discloses that a year later, in the Summer of 1967, defendant was a full-time student at the Aquinas Institute, River Forest, Illinois, still studying for the priesthood, but that in the Fall of 1968 he withdrew from the Aquinas Institute, abandoned his desire to become a priest, and returned to Holy Cross College to complete his final degree requirements.

On October 1, 1968, although it appears that he was then enrolled in Holy Cross College, defendant was classified I–A by his Local Board. On October 9, 1968 defendant wrote the Board stating that he was conscientiously opposed to serving in the military in any capacity, asking reclassification as a conscientious objector (Class I–O), and requesting the proper forms for this purpose. On the

same day the Board mailed defendant SSS Form 150, the "Special Form for Conscientious Objector," which he completed and returned on October 22. In his detailed answers to the questions on this form he stated that he was conscientiously opposed, on religious grounds, to participation in war in any form, and that although no longer a member of the Roman Catholic Church, he believed in a Supreme Being. The gist of his views is best summarized in the following passage:

> My life is an attempt to follow the will of the Father, and though no man can ever claim to know what the will of God is for any other man, each man if he listens closely to the voice of God can become aware of what that will is for himself. And it is in these terms that I view the meaning of my own life: I must live out my days on earth in as close a union with the Father's will for me as I can because the Father loved me first and I love the Father. I can say with the deepest conviction possible that the Father has called me to a life of non-violence, a life in which my struggle is and will be to strive for the brotherhood of man and for peace among all men, a life of preaching through word and deed. * * * I cannot then, in all conscience, participate in wars between men no matter how well justified they seem, nor can I participate in an organization whose whole purpose is the maintenance of the forces which exist to fight these wars. Without armies there could be no wars. And I feel that my participation in any way in the armed forces would from every conceivable viewpoint be a testimony to the need for armies and wars. I cannot testify to this—I do not believe in it. I have have [sic] a prime duty to my Father which I can in no way reconcile with military service.

On November 7, 1968 the Local Board denied defendant's request for conscientious objector status. Its action is reported in the minutes as follows:

Board members this date (Nov. 7, 1968) reviewed and found no cause to grant him classification of I–O—Did not reopen—therefore no change in class. Just and if he is found qualified for Induction—

> Classification: I–A
> Postponed until June 1, 1969
> Vote: 4 to 0
> Date: 11/7/68.

When defendant was notified of the Board's denial of his request for a I–O status, he requested a personal appearance before the Board. This was granted on February 4, 1969, and as a result he was reclassified I–A–O (Conscientious objector available for noncombatant military service only). The minutes of that meeting disclose only that the vote was 3 to 1. However, defendant's summary of what transpired, the accuracy and completeness of which is not questioned, 32 C.F.R. § 1626.12 (1969), discloses that the Board members informed him that they could not grant him a I–O classification because such a classification could only be legally granted to "a member of an organized and recognized pacifist religious group such as the Quakers." The summary further reveals that the Board members told defendant "that they were bound in this only by law, that they would like to grant the I–O but that there was no precedent."

Defendant appealed his I–A–O classification to the State Appeal Board, which on March 12, 1969 unanimously affirmed the Local Board's classification. No statement of the reasons for the Appeal Board's decision appears in the file.

On March 26, 1969 defendant was ordered to report for induction on April 24, 1969. He did report, but failed to step forward after all proper warnings had been given him. His indictment and this prosecution followed.

■ In its opinion in United States v. Berg, 310 F.Supp. 1157 (D.Me., Mar. 31, 1970), this Court has stated the nar-

row scope of judicial review of Selective Service classification decisions, and the principles there set forth need not be repeated here. In this case, as in *Berg,* the Court is limited to a determination of whether there is a "basis in fact" in the defendant's Selective Service record for denying a conscientious objector classification. But in this case, unlike *Berg,* it is not necessary for the Court to search the record for some proper basis for the denial, since the record plainly discloses that the Local Board proceeded under an erroneous view of the law, which was not rectified by the Appeal Board. Sicurella v. United States, 348 U.S. 385, 392, 75 S.Ct. 403, 99 L.Ed. 436 (1955); United States v. Carroll, 398 F.2d 651, 654–655 (3rd Cir. 1968); Owens v. United States, 396 F.2d 540, 542–543 (10th Cir.), *cert. denied,* 393 U.S. 934, 89 S.Ct. 294, 21 L.Ed.2d 270 (1968); Gatchell v. United States, 378 F.2d 287, 291–293 (9th Cir. 1967); United States v. Hawley, 310 F.Supp. 929 (D.Minn., May 26, 1969).

■■ In the present case, as is evident from the summary of defendant's personal appearance, it is clear that the Local Board had a specific reason for denying his request for a conscientious objector classification. This was that I–O status could not legally be granted to one who was not a member of one of the so-called "peace churches," an essential tenet of which is conscientious objection to all wars. The Board's denial of conscientious objector status on this basis was a clear error of law. Since United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965) it has been established that one who sincerely holds a religiously motivated opposition to war in any form (and the Government here does not challenge defendant's sincerity or the religious nature of his beliefs) must not be denied classification as a conscientious objector simply because he is not a member of an organized pacifist church, such as the Quakers or the Jehovah's Witnesses. United States v. Seeger, *supra;* Bates v.

Commander, First Coast Guard District, 413 F.2d 475, 479 (1st Cir. 1969); United States ex rel. Tobias v. Laird, 413 F. 2d 936, 939 (4th Cir. 1969); United States v. St. Clair, 293 F.Supp. 337, 343 (E.D.N.Y.1968); United States v. Shacter, 293 F.Supp. 1057, 1060 (D.Md. 1968).

■ The Government argues, however, that even if the Local Board acted on an improper ground, the classification should be sustained if an examination of the entire file discloses some other proper basis for the Board's action. While the Court's examination of the file has revealed no such basis, it is sufficient for present purposes to observe that the courts have consistently rejected the Government's contention. Sicurella v. United States, *supra;* United States v. Carroll, *supra;* Owens v. United States, *supra;* Gatchell v. United States, *supra;* United States v. Hawley, *supra.* The correct rule was stated by the Court in *Owens* as follows:

> There is no statute or regulation requiring the local Board to make findings of fact or conclusions of law or indicate reasons for its decision. If the Board states reasons for its action, however, and these reasons are found to be legally insufficient to support the Board's classification, the classification should be found to be without a basis in fact. This is true even if an independent search of the record discloses an adequate basis in fact to support the action of the Board, for there would be the risk that the impropriety of the stated reasons tainted the Board's decision. 396 F.2d at 542–543 (citations omitted).

This rule has been accepted by the Selective Service System, for we find in the Selective Service manual the statement that

> * * * [W]here a board assigns an erroneous reason for denying a claim which on its face would justify a basis of exemption, such an unfounded finding constitutes a fatal defect in a

criminal prosecution. Hershey, Legal Aspects of Selective Service, 29 (1969).

 Finally, the Government suggests that since the Appeal Board makes a *de novo* determination, 32 C.F.R. § 1626.24(b), any error of the Local Board was cured by the Appeal Board's action in affirming the denial of a I–O classification. *See* Clay v. United States, 397 F.2d 901, 912–913 (5th Cir. 1968), *vacated and remanded on other grounds sub nom.* Giordano v. United States, 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297 (1969). But here again, the courts have refused to accept the Government's argument when, as in the present case, the Local Board has assigned an erroneous reason for its classification and the Appeal Board has affirmed without comment. United States v. Carroll, *supra*, 398 F.2d at 654, n. 5; Owens v. United States, *supra;* United States v. Stepler, 258 F.2d 310, 316–317 (3rd Cir. 1958); United States v. Hawley, *supra.* As the Supreme Court has stated in a related context:

> \* \* \* [W]e feel that this error of law \* \* \* must vitiate the entire proceedings at least where it is not clear that the Board relied on some legitimate ground. Sicurella v. United States, *supra,* 348 U.S. at 392, 75 S.Ct. at 406.

 Because the Local Board's denial of defendant's request for a conscientious objector classification was based upon an erroneous view of the law, and because it is not clear that the Appeal Board relied upon legitimate grounds in affirming that denial, the defendant's classification is without basis in fact and the induction order upon which this prosecution rests is invalid. Accordingly, defendant is not guilty of the offense charged in the indictment.

Judgment will be entered directing that the defendant be discharged.

It is so ordered.