Stephen **ROCHFORD**,

v.

Thomas M. **VOLATILE, Commanding Officer, AFEES,**

and

Secretary of Defense, the Pentagon, Arlington, Va.

Civ. A. No. 70-2049.

United States District Court, E. D. Pennsylvania.

Sept. 29, 1970.

———◆———

John David Egnal, Philadelphia, Pa., for petitioner.

Louis C. Bechtle, U. S. Atty., Richard R. Galli, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

OPINION

KRAFT, District Judge.

Petitioner, inducted under selective service on September 2, 1970, seeks habeas corpus relief and challenges the legality of the induction order.

The petitioner's selective service file discloses that he registered with his local draft board in 1964 and was initially classified I–A on October 8, 1964. Thereafter, petitioner informed his local board that he was a college student and was deferred until his graduation in June, 1967, when he was again classified I–A, on June 8, 1967.

On September 6, 1967, petitioner was granted a personal appearance before the local board pursuant to his request for a hardship deferment, because of his father's poor health and need for petitioner's assistance in his business. The board retained the petitioner in the I–A status on September 6, 1967. Reclassification was sought by the petitioner on September 26, 1967, when he advised the local board, by letter, of his father's death on September 16, 1967. The local board, on October 12, 1967, reviewed the petitioner's file and again classified him I–A, but noted: "Will not classify him 3–A without his appearing again."

By letter dated October 15, 1967, petitioner requested a personal appearance before the local board, and, in addition to requesting a hardship deferment, informed it that he had been accepted and registered as a per diem substitute teacher by the School District of Philadelphia on October 13, 1967.

Petitioner executed a dependency questionnaire and was granted a personal appearance on November 8, 1967, at which he claimed a hardship for his mother and younger brother. He submitted financial information for himself, his brother (who was then a college student) and his mother. On November 8, 1967, the local board declined to reclas-

sify petitioner and again classified him I–A. Upon appeal, the appeal board re-classified petitioner II–A (occupational deferment) on January 26, 1968 until June, 1968.

Thereafter, on December 12, 1968, petitioner was again classified I–A. On January 13, 1969, the local board received a letter from petitioner, stating that he would "like an appeal." He advised the local board that his mother had purchased a home and that he contributed $100 every two weeks to assist his mother in paying the mortgage and to defray other expenses of daily life. He advised the local board as well that his brother also contributed to his mother's support. Petitioner requested a deferment for hardship. A personal appearance was granted before the local board on January 27, 1969. Petitioner and his mother appeared and furnished financial information to the local board. Petitioner also informed the local board that he was still employed as a substitute teacher. The board, on January 27, 1969, determined that no financial hardship existed and classified petitioner I–A. Additionally, the board held that petitioner's employment as a substitute teacher did not warrant a II–A classification. On appeal, the denial of a II–A classification was reversed by the appeal board on March 25, 1969 and the II–A classification was granted until September, 1969.

On January 15, 1970, petitioner was re-classified I–A by the local board. Petitioner appealed on January 19, 1970. In a letter to the local board, he stated that he was then employed as a per diem substitute teacher at West Philadelphia High School. The appeal board affirmed the I–A classification on March 3, 1970.

Thereafter, petitioner's mother and younger brother forwarded letters to the local board requesting reconsideration of petitioner's classification upon the ground of hardship. Mrs. Rochford advised the local board that Stephen contributed $200 monthly to the support of their home and that her younger son, Dennis, had accepted a regular army com-mission as a second lieutenant and was stationed in Germany. Dennis wrote to the local board on April 2, 1970 and confirmed his mother's representation that he was now a regular army second lieutenant stationed in Germany. He claimed a limited ability to contribute to his mother's support by means of a fixed allotment of $100 a month, and that petitioner was needed to settle problems that had arisen in conjunction with the settlement of his father's estate.

On April 23, 1970, the local board reviewed petitioner's file and concluded "no change to either 3–A or 2–A Class * * *." Thereafter, on May 8, 1970, the local board forwarded petitioner's file to the state selective service headquarters and requested advice as to whether the local board's decision not to reopen petitioner's classification on dependency grounds was appropriate. The state headquarters "suggested" that further consideration was not required. On May 14, 1970, the local board mailed petitioner a notice that there would be no change in his I–A classification. The School District of Philadelphia was advised by the local board that, if petitioner was called for induction prior to the end of the semester, the district might request a postponement.

On May 18, 1970, petitioner was ordered for induction on June 2, 1970. Thereafter, petitioner's mother telephoned the local board and the state headquarters which again reviewed petitioner's file. The School District of Philadelphia requested a postponement of the induction, which was granted until the July, 1970 call.

Petitioner's mother requested a dependency questionnaire on June 2, 1970 and on June 18, 1970, petitioner's induction was postponed until August, 1970, to afford petitioner a personal interview before the local board. On June 30, 1970, the state headquarters requested the local board to forward the complete file to headquarters "*after* the local board has advised the subject registrant relative to hardship." (emphasis supplied).

On July 16, 1970, the petitioner and his mother appeared before the local board for an interview. Following the interview the local board "recommended that the induction be cancelled, and registrant's classification reopened to 3–A." The local board then forwarded the file and "recommendation" to the state headquarters on July 16, 1970.

The state headquarters, on July 23, 1970, returned petitioner's file along with another registrant's and "requested" the local board to review the files "concurrently and advise this headquarters of your *findings* in these cases." (emphasis ours)

Upon return of these files with the aforesaid instructions, the local board met and *"declined"* to review the petitioner's file concurrently with the other registrant's file and stated:

"Board's recommendation was as the result of their personally interviewing the registrants, and not by merely reviewing the files as he [Colonel Mackenzie][1] has done—cases dissimilar. our recommendations of July 16, 1970 (Rochford) * * * *will not change.* 3–0" (emphasis ours)

A further postponement of induction was directed by the state headquarters until September, 1970, to permit further review of the file by the state headquarters. On July 29, 1970, the files were returned to the state headquarters and then forwarded to the national headquarters in Washington, D. C., for review.

On August 11, 1970, the national headquarters advised the state headquarters that they did not agree with the local board's request for cancellation of petitioner's induction and classification of III–A. Following this action, the state headquarters returned the two files to the local board on August 17, 1970, and stated that it was their "opinion" that it would be proper for the local board to order the registrant to report for induc-

tion. Petitioner was then advised by the local board, on August 18, 1970, as follows:

"This is to advise that your file has been reviewed by both the Pennsylvania, and National Selective Service Headquarters and *it is their opinion that reclassification is not warranted."* (emphasis ours)

Petitioner was then ordered to report for induction on September 2, 1970. He did so and was inducted. His removal from the jurisdiction of this Court was stayed, pending determination of petitioner's application for habeas corpus relief.

The procedure followed by the local board in this case did not accord with the statute[2] and regulations[3] governing selective service boards. Initially, it was the statutory duty of the *local board* to determine whether or not petitioner's classification should be reopened, without the advice, opinion or influence of the state and national boards. If there was any doubt that the local board had, in fact, reopened the petitioner's classification on July 16, 1970, that doubt was dispelled when the local board met on July 28, 1970, and, contrary to the instructions received from the state headquarters, "declined" to review petitioner's file concurrently with that of another registrant's and stated that its "recommendations of July 16, 1970 * * * *will not change.* 3–0." (emphasis ours) There is nothing in the file to reflect that the local board did rescind or modify its "recommendations." The letter of August 18, 1970, from the local board to the petitioner supports only the conclusion that reclassification was denied only by the state and national headquarters. Accordingly, since the local board's "recommendations" of July 16, 1970 and July 28, 1970, indicate that a reopening had *in fact* been granted, we can find no basis in fact in the file for the refusal of the state and national headquarters to reopen the petitioner's

---

1. Assistant Chief of Manpower Division, State Headquarters.

2. 50 U.S.C.A. App. § 460(b) (3).

3. 32 C.F.R. § 1622.1(c) and § 1625.2.

classification. "We have no choice but to hold his induction order invalid and direct that the writ be issued." In Matter Of Petition Of: Scott v. Commanding Officer, Commander Thomas M. Volatile and Secretary of Defense, 431 F. 2d 1132, at p. 1138 (3 Cir. 1970).

### ORDER

Now, this 29th day of Sept., 1970, it is ordered that the petition of Stephen Rochford for a writ of habeas corpus be, and it is, granted and petitioner be released and discharged from the Armed Forces forthwith.